UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA JUDKINS on behalf of
herself and others similarly
situated,
    Plaintiff,

v.

BLOOMEN INTERNATIONAL, INC., a
limited liability company, d/b/a
Pro Air Conditioning and
Electric,
    Defendant.
_____/

CASE NO.: 8:09-CV-02538-T-17TBM

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This cause came before this Court pursuant to a Motion to Strike filed by Plaintiff, Tina Judkins, T., and the response thereto (Doc. 9). A review of the record indicates that, for the following reasons, the Motion to Strike should be **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff, Tina Judkins, filed a complaint against her former employer, Pro Air Conditioning and Electric ("Pro AC"), a subsidiary of Bloomen International, LLC, December 17th, 2009. Doc. 1 at p. 1. Count I arose from the Fair Labor Standards Act of 1938 (FLSA), alleging that Pro AC violated 29 U.S.C. § 207, by failing to compensate Plaintiff Judkins for unpaid overtime wages from at least July 2007 and continuing through October 2009, as well as liquidated damages, declaratory relief, and reasonable attorney's fees. Doc. 1.

Defendant, Pro AC (hereafter Defendant), filed an answer to the complaint on February 16th, 2010. Doc. 7. The answer contained seventeen affirmative defenses, as well as a "wherefore" conclusion and certificate of service. Here, the fourteenth (14th) affirmative defense, sixteenth (16th) affirmative defense, and "wherefore" clause requesting attorneys' fees are at issue; they are in order as follows.

First, Defendant's 14th affirmative defense to Plaintiff's complaint states that: "this action should be dismissed or judgment accorded to Defendant to the extent that Plaintiff and/or others similarly situated is/are exempt from some or all of the FLSA's requirements." Doc. 7 at p. 8.

Second, the sixteenth (16th) affirmative defense to Plaintiff's complaint states that: "this action should be dismissed or judgment accorded to Defendant to the extent that this action is barred, in whole or in part, by Plaintiff's and/or others similarly situated's own conduct pursuant to the doctrines of estoppel, laches, waiver and/or the like, to the extent that Plaintiff and/or others similarly situated now seek(s) to contradict her/their prior representations as to her/their hours of work." Doc. 7 at p. 9.

Last, Defendant's closing ("wherefore") paragraph requests an award "including, but not limited to, reasonable attorneys' fees and such other relief as the Court deems appropriate." Doc. 7 at p. 10.

Plaintiff Judkins filed this motion to strike the above mentioned affirmative defenses on March 5th, 2010. Doc. 9. The motion alleges that the Defendant's 14th affirmative defense should be stricken for failing to allege sufficient facts to put Plaintiff on notice of the basis of Defendant's claim. Plaintiff claims the defense is a "broad assertion", as there are "dozens of exemptions in the FLSA." Doc. 9 at p. 2. As such, Plaintiff asserts that insufficient affirmative

defenses are stricken as a matter of law. Doc. 9 at p. 3. Next, Plaintiff maintains that the affirmative defenses of estoppel, laches, and waiver are not available in an FLSA action. Doc. 9 at p. 4. Similarly, Plaintiff contends that attorneys' fees and costs are only available to the Plaintiff, and in rare cases, to Defendants upon a showing of bad faith or similar reasons by the Plaintiff. Doc. 9 at p. 5.

Defendant filed a response to the motion to strike on March 19th, 2010. The response alleges: a) that the motion to strike violates Local Rule 3.01(g); b) the 14th affirmative defense need not be supported by factual allegations; c) the defenses in the 16th affirmative defense may be appropriate under the FLSA when Plaintiff is seeking overtime compensation in excess of the amount of hours reflected in the records kept of his working time; and d) the Defendant may reserve the right to file a motion seeking attorneys' fees, should the need arise, upon a showing that Plaintiff exercised bad faith, vexatious, wanton, or other oppressive conduct.

**STANDARD OF REVIEW**

The standard of review for a motion to strike is typically stringent, in that the motion is only granted in certain situations. *Thompson v. Kindred Nursing Ctrs. E., LLC,* 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002). Such circumstances include where: a) the allegations are unrelated to the controversy and prejudicial to a party in action, or b) insufficient as a matter of law to succeed under provable facts. *Hansen v. ABC Liquors, Inc.*, 2009 WL 3790447, *1 (M.D. Fla, 2009). An affirmative defense need only allege sufficient facts to "fairly respond to the substance of the allegation," putting Plaintiff on notice of any facts with regard to the defense. *Fed. R. Civ. P. 8*.

DISCUSSION

### I. Local Rule 3.01(g)

Local Rule 3.01(g) requires that parties confer in good faith before filing motions. As interpreted by this bench:

> Middle District Local Rule 3.01(g) requires a moving party to confer with opposing counsel prior to filing a motion to dismiss for improper service or improper process in a good faith effort to resolve the issue. If the parties are unable to resolve their differences, Rule 3.01(g) requires the moving party to file a statement with his motion that certifies that he has conferred with opposing counsel and the parties could come to no resolution. Since no Rule 3.01(g) certification was filed with Tire Kingdom's Motion to Dismiss, it appears that counsel for Tire Kingdom overlooked this very important rule. *The purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention.*

ow"*Desai v. Tire Kingdom*, 944 F. Supp. 876, 878 (M.D. Fla. 1996) (Kovachevich, J.; emphasis added). A violation of "Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving party." *Esrick v. Mitchell*, 2008 U.S. Dist. LEXIS 101304 (M.D. Fla. Dec. 3, 2008). Plaintiff's counsel's paralegal sent an email to Defendant's counsel, notifying the office of Plaintiff's intent to file a motion to strike Defendant's 16th affirmative defense and claim for attorneys' fees, on February 24th, 2010. Doc. 11-1 at p. 3 – 7. Defendant's counsel responded March 2nd, 2010, expressing its intent to object to the motion. Doc. 11-1 at p. 10. Clearly, Plaintiff's counsel failed to notify Defendant's of the motion to strike Defendant's 14th affirmative defense. The Court will not use this technicality as the basis for denying the motion but advises that Plaintiff's counsel henceforth adhere to Local Rule 3.01(g).

### II. Defendant's 14th Affirmative Defense – FLSA Exemption

Plaintiff Judkins asserts that the Defendant's 14th affirmative defense is a broad assertion that Plaintiff was "exempt under some non-specific theory of exemption." Doc. 9 at p. 2. As

such, Plaintiff requests that the vague assertion be stricken. Defendant contends that evidentiary facts supporting the defense need not be alleged, but rather, it must give sufficient notice to opposing parties, in order to respond and prepare for discovery and trial. Defendant cites *Merriweather v. Latrese & Kevin Enters, Inc.,* 2009 U.S. Dist. LEXIS 48974, 1 (M.D. Fla. May 28, 2009) in support of this distinction. However, in its 9th affirmative defense, the *Merriweather* defendant contended that "[plaintiff(s)] were exempt employees pursuant to Section 13(a)(1) of the Fair Labor Standards Act." 2009 U.S. Dist. Ct. Motions LEXIS 28104, 3-4. The *Merriweather* court denied the plaintiff's motion to strike affirmative defense. *Merriweather*, 2009 U.S. Dist. LEXIS 48974 at 5. Section 13(a)(1) of the FLSA exempts non-management employees that work less than forty (40) hours in a work week. 29 U.S.C. § 213(a)(1). In this respect, the defendant in *Merriweather* pleaded a specific exemption in its 9th affirmative defense.

Section 13 of the FLSA provides numerous exemptions, including white collar employees, teachers, salesman, non-profit, fisherman, agriculture, news, switchboard, etc. 29 U.S.C. § 213. In its response to the motion to strike, Defendant states that "the facts contained in the pleadings support this defense inasmuch as Plaintiff had plead that Plaintiff was a salaried office employee," and, therefore, "Plaintiff is clearly on notice of the exemptions that could apply to her case." Doc. 11 at p. 4. In addition, Defendant's answer states that "Defendant admits that at various times Plaintiff worked for Defendant in excess of forty hours within a workweek." Doc 7 at p. 3.

For the reason that Defendant admits that Plaintiff Judkins occasionally worked overtime, Plaintiff may justifiably conclude that Defendant does not intend to assert Section 13(a)(1) as an

5

exemption. Reason would dictate that Plaintiff must look to the other various exemptions outlined within the remainder of Section 13. As noted above, the exemptions of Section 13 are numerous; none of which describe the office work that Plaintiff Judkins and the other additional employees held. Defendant's 14th affirmative defense fails to both allege evidentiary facts and provide fair notice of the asserted defense of exemption. As a result, Defendant Pro AC's 14th affirmative defense is stricken, but with leave to amend.

### III. Defendant's 16th Affirmative Defense – Estoppel, Laches, & Waiver

Defendant's 16th affirmative defense states that judgment should be barred "in whole or in part . . . . pursuant to the doctrines of estoppel, laches, waiver and/or the like, to the extent that Plaintiff and/or others similarly situated now seek(s) to contradict her/their prior representations as to her/their hours of work." Doc. 7 at p. 9. As noted in Defendant's 12th affirmative defense, Plaintiff and other office workers were required to "self-report" their hours worked to Pro AC. Doc. 7 a p. 8. Plaintiff Judkins requests the 16th affirmative defense be stricken on grounds that FLSA rights are not subject to the defenses of estoppel, laches, and waiver.

First, Plaintiff outright rejects the defense of estoppel against FLSA claims. Plaintiff cites several cases supporting the contention, including *Caserta v. Home Lines Agency, Inc.*, 273 F. 2d 943, 946 (2nd Cir. 1959); *Burry v. National Trailer Convoy, Inc.*, 338 F. 2d 422 (6th Cir. 1964); *Lee v. Askin Trucking, Inc.*, 2006 U.S. Dist. LEXIS 97552, 5-6 (S.D. Fla. Feb 7, 2006); and several other outdated cases. The Plaintiff's position reflects the general rule. However, an exception exists: "estoppel can be a valid defense to an FLSA claim where the party asserting estoppel is not seeking to entirely preclude the opposing party from bringing its FLSA claim." *Gonzalez v. Spears Holdings, Inc.*, 2009 U.S. Dist. LEXIS 72734 (S.D. Fla. July 31, 2009). The

*Gonzalez* court distinguished itself from the ruling in *Merriweather* on the motion to strike an affirmative defense of estoppel:

> Defendants provide no argument as to why the Court should depart from the general rule precluding defenses of waiver, laches, and accord and satisfaction in FLSA claims. Further, Defendants provide no factual [*10] basis which would allow the Court to follow the limited estoppel exception. Defendants argue that Plaintiff failed to provide to Defendants timely notification of overtime allegedly worked and, therefore, Plaintiff should be estopped from seeking such hours. Unlike Merriweather and Tyler, Defendants herein do not assert that they have paid the overtime to which Plaintiff is entitled or that Plaintiff is entitled only to overtime reflected in employee records. Rather, Defendants rely on a non-existent notice requirement to estop Plaintiff from recovering overtime payment to which she may be entitled. Therefore, the Court will strike Defendants' Sixth Affirmative Defense.

*Gonzalez v. Spears Holdings, Inc.*, 2009 U.S. Dist. LEXIS 72734 (S.D. Fla. July 31, 2009). In sum, for an estoppel defense to stand against an FLSA claim, the estoppel sought must be less than full, and provide a good faith reason as to why the estoppel defense should not be stricken. Defendant's 12th affirmative defense states that Plaintiff was responsible for recording and reporting her own work hours, for which Pro AC would return compensation. Doc. 7 at p. 8. Likewise, Defendant Pro AC is only seeking to bar recovery for overtime hours "to the extent [they] contradict her/their prior representations as to her/their hours of work." Doc. 7 at p. 9. Thus, Defendant Pro AC's 16th affirmative defense has provided the two requirements to fit into the FLSA-estoppel exception.

Second, the defenses of laches and waiver are not available in an FLSA action, and unlike estoppel, there are no exceptions to the rule. Laches is not an available defense, so long as the FLSA claim is brought within the applicable statute of limitations. *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946). Similarly, worker's rights established by the FLSA cannot be waived,

released, or compromised. *Reich v. Stewart*, 121 F. 3d 400, 407 (8th Cir. 1997). There is no dissenting opinion on either of the two matters, and furthermore, Defendant has not disputed the defenses of laches and waiver in its response in opposition to Plaintiff's motion to strike affirmative defenses. The Defendant's 16th affirmative defense is stricken in part, as for the defenses of laches and waiver, and retained in part, as to the defense of estoppel.

## IV. Defendant's Wherefore Clause

As a general rule, attorneys' fees are only awarded to the plaintiff in an FLSA action. 29 U.S.C. § 216(b). Nevertheless, an exception exists where the affirmative defense requests to reserve the right to motion for attorneys' fees in an FLSA action. <u>Hansen v. ABC Liquors, Inc., 2009 U.S. Dist. LEXIS 108954 (M.D. Fla. Nov. 9, 2009)</u>. "A defendant may recover its attorney's fees from a losing plaintiff when the plaintiff has acted in bad faith, vexatiously, wantonly or for other oppressive reasons." *Id*. The bad faith exception is not limited to abuse of the judicial system, but rather, "the exception also encompasses bad faith acts preceding and during litigation." <u>Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. Fla. 1985)</u>. Therefore, defendants are routinely permitted to request that the court reserve jurisdiction to consider a timely filed motion for attorneys' fees, should the situation present itself. Defendant's wherefore clause states "[d]efendant respectfully requests that this Court enter judgment in its favor and award Defendant its costs to defend this action including, but not limited to, reasonable attorneys' fees and such other relief as the Court deems appropriate." Doc. 7 at p. 10. The wherefore clause does not contain any allegation of bad faith conduct on the part of Plaintiff Judkins. In addition, the wherefore clause does not plainly read so as to "reserve" the Court's jurisdiction, as Defendant Pro AC contends, but rather, indicates that the judgment

should include the attorneys' fees in favor of the Defendant. Doc. 11 at p. 6. "There is no allegation of such conduct in the Answer. . . . [A]ccordingly, the request for fees pursuant to 28 U.S.C. § 1927 is stricken, but with leave to amend." Romero v. Southern Waste Sys., LLC, 619 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009) The Plaintiff's motion to strike Defendant's wherefore clause – requesting attorneys' fees – is stricken, but with leave to amend. Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Strike is **GRANTED IN PART** and **DENIED IN PART** as set out above.

**DONE and ORDERED** in Chambers, in Tampa, Florida this 21st day of June 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc: All Parties and Counsel of Record